IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEADFAST INSURANCE COMPANY, et al.,

            Plaintiffs,

v.                                    CIVIL ACTION NO.   2:15-cv-09203

BERKLEY NATIONAL INSURANCE
COMPANY, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff Arch Insurance Company's ("Arch") Motion to Remand [ECF No. 17] and the defendants Berkley National Insurance Company ("Berkley") and Stric-Lan Companies LLC's ("Stric-Lan") Motion to Realign the Parties [ECF No. 3]. For the reasons set forth below, the plaintiff's Motion to Remand is **DENIED** and the defendants' Motion to Realign the Parties is **DENIED as moot**.

    **I.**    **Factual and Procedural Background**

The plaintiffs, insurance companies Arch and Steadfast, seek a declaration that Berkley was obligated to provide coverage to HG Energy LLC ("HG Energy") in an underlying lawsuit in which HG Energy was a defendant. Notice of Removal Ex. A [ECF No. 1-1] ("Compl."). The plaintiffs filed their Complaint in the Circuit Court of Wood County, West Virginia, naming as defendants Berkley, Stric-Lan, HG Energy, and the plaintiffs in the underlying lawsuit: Tyler

Kunz, Lacy Kunz, and Parker Kunz. Compl. 1. The court has since dismissed the claims against the Kunz defendants. Order, Dec. 14, 2015 [ECF No. 50].

Two of the defendants, Berkley and Stric-Lan, removed this action on the basis of federal diversity jurisdiction.[1] Notice of Removal [ECF No. 1]. In their Notice of Removal, the defendants assert that HG Energy and the Kunz defendants, who did not timely consent to or join in the removal, are nominal parties and thus their consent is not required for proper removal.[2] *Id.* ¶¶ 20–23. Alternately, the removing defendants ask the court to realign HG Energy as a plaintiff, filing a contemporaneous motion to realign "to comply with the Fourth Circuit's rule of unanimity." *Id.* ¶ 28; *see also* Mem. Supp. Mot. Realign 1 [ECF No. 4]. Arch now asks the court to remand this case pursuant to 28 U.S.C. § 1447(c), because Berkley and Stric-Lan "did not obtain the consent of all defendants, specifically HG Energy, prior to filing their Notice of Removal, or within 30 days of service of the Declaratory Judgement Complaint upon HG Energy." Mot. Remand 1.

The underlying lawsuit stemmed from a workplace accident: Tyler Kunz, an employee of Stric-Lan, was injured in an explosion while working on-site at a well-pad owned by HG Energy. Compl. ¶ 9. Stric-Lan was a contractor providing oil and natural gas services to HG Energy. *Id.* ¶ 12. Kunz filed a lawsuit against Stric-Lan and HG Energy. *Id.* ¶ 9. In this underlying lawsuit, HG Energy was defended by Steadfast pursuant to a commercial general liability insurance policy in which HG Energy was the named insured. *Id.* ¶ 11. HG Energy is also the named insured in a commercial umbrella liability insurance policy with Arch. *Id.* ¶ 26–27. Steadfast and Arch contend that their policies "should have never been implicated in the Underlying Lawsuit, as the Berkley

---

[1] The court has since granted the defendants leave to amend their notice of removal to correct a technical defect in the underlying basis of diversity jurisdiction. Mem. Op. & Order, Dec. 14, 2015 [ECF No. 51]. The amendments do not affect the relevant analysis for these motions.

[2] HG Energy filed an untimely Consent to Removal [ECF No. 12] on July 15, 2015.

2

policies should have taken priority." Mem. Supp. Mot. Remand 4 [ECF No. 18]. Nevertheless, "Steadfast and Arch have agreed to settle the claims in the Underlying Lawsuit against HG Energy under the policies they each issued to HG Energy as a Named Insured." *Id.* at 9. The claims against HG were allegedly settled for more than $1,000,000. Notice of Removal ¶ 17.

Pursuant to a contract between HG Energy and Stric-Lan, Stric-Lan allegedly named HG Energy as an additional insured on its own general liability insurance policy with Berkley. Compl. ¶¶ 14–17. The contract also contains a defense and indemnification agreement, by which Stric-Lan would owe HG Energy a duty to defend and indemnify under certain circumstances. Compl. ¶ 18. The present action centers on whether Berkley was required to provide insurance coverage to HG Energy in the underlying lawsuit, and whether that coverage should be primary and non-contributory. Compl. 1.

## II.     Legal Standard

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction requires complete diversity and an amount in controversy in exceeding $75,000. 28 U.S.C. § 1332 (a). Two additional requirements govern the removability of diversity actions. First, removal is not proper if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Second, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"The federal courts have, however, long recognized an exception to the rule of unanimity, which states that a nominal party need not consent to removal." *Hartford Fire Ins. v. Harleysville*

*Mutual Ins.*, 736 F.3d 255, 259 (4th Cir. 2013). This exception "ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." *Id.* (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.* at 260.

### III. Discussion

The parties dispute whether HG Energy has a sufficient stake in this proceeding to rise above the status of a nominal party. The plaintiffs seek no specific relief in any form from HG Energy, their own insured; they request only that the court make a declaration as to Berkley's insurance obligations. Nor will HG Energy be affected by the outcome of the case, according to the defendants, because HG Energy has already been granted coverage by Steadfast and Arch. Resp. Mot. Remand 11; *accord* Notice Removal ¶ 25.

Arch's best attempt at articulating why HG Energy is not nominal is that HG Energy has an interest in how the outcome of the case may affect "its claim history and may ultimately affect its insurance premiums and whether it qualified for insurance coverage in the future." Mem. Supp. Mot. Remand 9. The Fourth Circuit has considered precisely such an interest to be nominal. *Hartford*, 736 F.3d at 261 (finding a defendant was nominal despite an alleged interest "in the contribution action because the allocation between insurers could affect [the defendant's] future coverage limits"). Notably, it is undisputed that Steadfast and Arch have agreed to defend and settle the claims on HG Energy's behalf. *Id.* The asserted interest is in the speculative consequences of whether such coverage comes from Steadfast and Arch as a named insured or

4

from Berkley as an additional insured; either way, coverage exists. The court does not find the hypothetical possibility that the outcome of the case could affect HG Energy's future insurance premiums sufficient to make its interest more than nominal, nor will it conjure up interests that have not been asserted by the parties. *See Hartford*, 736 F.3d at 261 ("Any venture into hypotheticals in which nominal party status may or may not obtain would only complicate and frustrate a trial court's straightforward inquiry: whether the non-removing party has an interest in the outcome of the case."). Accordingly, I find that HG Energy is a nominal party whose consent is not required for removal.[3]

The plaintiffs also argue that removal violates the no-local-defendant rule for diversity actions because HG Energy is a West Virginia citizen. Mem. Supp. Mot. Remand 6. By the same logic that renders HG Energy a nominal party for purposes of the rule of unanimity, the court also finds that, as a nominal party, HG Energy's West Virginia citizenship does not preclude removal. *See Hartford*, 736 F.3d at 259 (explaining that the nominal party exception "ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case" and "helps to prevent a party from overriding congressionally prescribed bases for removal through strategic pleading"); *see also Salem Trust Co. v. Mfg.'s Fin. Co.*, 264 U.S. 182, 189 (1924) ("Jurisdiction cannot be defeated by joining formal or unnecessary parties."); *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961) ("It has been established from an early date that the joinder of formal or unnecessary parties cannot prevent the removal of an action to federal court."). The removal statute states that an action otherwise

---

[3] The claims against the outstanding non-consenting Kunz defendants were dismissed by Order [ECF No. 50] entered December 14, 2015. Both plaintiffs and defendants also conceded that the Kunz defendants were nominal parties whose consent was not necessary for removal. Notice of Removal ¶ 25; Mem. Supp. Mot. Remand 5, n.3.

removable on the basis of diversity jurisdiction may not be removed if "any of the *parties in interest* properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). As a nominal party, HG Energy does not have a palpable interest in this declaratory judgment action because the plaintiffs do not seek any specific relief from HG Energy, their own insured; nor will HG be affected by the outcome of the case, as it has already been afforded insurance coverage. Consequently, I do not find that HG Energy's West Virginia citizenship renders removal improper in this action.

In their Reply, the plaintiffs raise for the first time the argument that the defendants have inaccurately alleged the citizenship of Stric-Lan in their Notice of Removal, raising doubts about diversity jurisdiction. Reply Mot. Remand 7. This argument is unavailing as the court has entered an Order granting the defendants leave to amend the Notice of Removal to cure the defect and complete diversity remains intact. Mem. Op. & Order, Dec. 14, 2015 [ECF No. 51].

Based on the foregoing analysis, I **FIND** that removal was proper and **DENY** the plaintiffs' Motion to Remand. Because the court finds that HG Energy is a nominal party and removal was therefore proper, it is unnecessary to address the alternative argument that HG Energy should be realigned as a plaintiff. Accordingly, the defendants' Motion to Realign the Parties is **DENIED as moot**.

### IV.   Conclusion

The court hereby **ORDERS** that the plaintiff's Motion to Remand [ECF No. 17] be **DENIED**. It is further **ORDERED** that the defendants' Motion to Realign the Parties [ECF No. 3] be **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       December 15, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE