IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEADFAST INSURANCE COMPANY, et al.,

          Plaintiffs,

v.                                        CIVIL ACTION NO.   2:15-cv-09203

BERKLEY NATIONAL INSURANCE
COMPANY, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants, Berkley National Insurance Company ("Berkley") and Stric-Lan Companies LLC's ("Stric-Lan") Motion to Dismiss [ECF No. 20], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court FINDS the defendants' objections to the sufficiency of the complaint to be without merit. The defendants' Motion to Dismiss is **DENIED** for the reasons stated herein.

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To achieve facial plausibility, the plaintiff must plead facts

that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id*.

This is a declaratory judgement action in which the plaintiffs seek a determination that Berkley's insurance policies provide coverage for claims against HG Energy in an underlying lawsuit. Compl. 1 [ECF No. 1-1]. The defendants' Motion to Dismiss interprets the contracts at issue, disputes the plaintiffs' position, and essentially argues that the court should find in the defendants' favor on the merits of the case. *See, e.g.*, Mot. Dismiss 1 ("Plaintiffs' Complaint must be dismissed because the policies at issue do not provide coverage for injuries caused by the negligence of HG Energy. . . ."). The defendants' motion revolves less on the sufficiency of the complaint and more on the merits of the declaratory judgement action. The defendants' arguments are therefore not appropriately resolved in a motion to dismiss and I decline to rule on the merits of the action at this stage. The court FINDS the Complaint states a plausible claim for the relief requested, having provided sufficient facts to raise an inference that the Berkley insurance policy extends coverage to HG Energy in its underlying lawsuit. Accordingly, the court **DENIES** the defendants' Motion to Dismiss [ECF No. 20].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 18, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE