IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEADFAST INSURANCE COMPANY, et al.,

        Plaintiffs,

v.                                CIVIL ACTION NO.   2:15-cv-09203

BERKLEY NATIONAL INSURANCE
COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants, Berkley National Insurance Company ("Berkley") and Stric-Lan Companies LLC's ("Stric-Lan") Motion to Transfer Venue or Stay [ECF No. 27]. For the reasons set forth below, the defendants' Motion is **DENIED**.

**I.    Background**

The plaintiffs, insurance companies Arch and Steadfast, seek a declaration that Berkley was obligated to provide primary and non-contributory coverage to HG Energy LLC ("HG Energy") in an underlying lawsuit in which HG Energy was a defendant. Notice of Removal Ex. A [ECF No. 1-1] ("Compl."). The underlying lawsuit stemmed from a workplace accident: Tyler Kunz, an employee of Stric-Lan, was injured in an explosion while working on-site at a well-pad owned by HG Energy in Wetzel County, West Virginia. Compl. ¶ 9. Stric-Lan was a contractor providing oil and natural gas services to HG Energy, pursuant to a Master Services and Supply Agreement ("MSA") *Id.* ¶ 12. Kunz filed a lawsuit against Stric-Lan and HG Energy. *Id.* ¶ 9.

Stric-Lan was the named insured on commercial general liability and umbrella policies issued by Berkley. *Id.* ¶¶ 15–16. HG Energy was the named insured on a commercial general liability policy issued by Steadfast and an umbrella policy issued by Arch. *Id.* ¶¶ 11, 26–27. Steadfast defended HG Energy in the Kunz lawsuit, and Steadfast and Arch settled the claims on behalf of HG Energy. Steadfast Resp. Mot. Transfer 6; Arch Resp. Mot. Transfer 4. Steadfast and Arch, however, allege that Berkley had a duty to defend and indemnify HG Energy and that Steadfast and Arch's policies should never have been triggered. Compl. ¶¶ 26, 28, 33, 39.

The plaintiffs appear to make two interrelated arguments as to how this duty arose. First, the plaintiffs contend that HG Energy was an additional insured to Berkley's policies with Stric-Lan and is thus entitled to direct coverage from Berkley. Compl. ¶ 14, 33. The plaintiffs support their claim that HG Energy is an additional insured by pointing to the MSA requirement that Stric-Lan purchase general liability insurance and name HG Energy as an additional insured. Compl. ¶ 13–14, 32. The MSA is also the source of the plaintiffs' contention that Berkley's policies should be primary and noncontributory. *Id.* ¶ 13, 26, 28. The defendants do not dispute HG Energy's status as an additional insured but argue the scope of such coverage is limited and defined by the MSA. Mot. Transfer ¶ 4–5. The Berkley policy defines an "Additional Insured" as "any person with whom you agree in writing in a contract or agreement to add as an Additional Insured," and provides that insurance provided will not exceed "the coverage and/or limits required by said contract or agreement." Berkley Policy Ex. C, 56 [ECF No. 1-1].

Second, the plaintiffs argue that Stric-Lan was required to defend and indemnify HG Energy pursuant to the terms of their MSA. Compl. ¶ 18, 24 ("The MSA further provides that Stric-Lan agreed to defend and indemnify HG Energy against claims brought or asserted against

2

HG Energy to the extent such claims, losses, damages, and/or injuries were caused by the negligence, strict liability, or willful misconduct of Stric-Lan"). The implication is that Berkley's obligations to Stric-Lan required Berkley to provide coverage for for the claims against HG Energy.

In the instant Motion, the defendants contend that this matter "must be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) because the [MSA] that is the subject of this litigation contains a valid and enforceable forum selection clause. . . ." Mot. Transfer 1. In the alternative, Berkley and Stric-Lan request that this matter be stayed pending resolution of a "nearly identical action filed first by Stric-Lan in the United States District Court for the Western District of Pennsylvania." *Id.*

## II.     Legal Standard

Under 28 U.S.C. 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). The party seeking the transfer bears the burden of showing that venue is inconvenient. *E.g., Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 745 (S.D. W. Va. 2010). Moreover, unless the factors weigh strongly in favor of the defendant, "the plaintiff's choice of forum should rarely be

3

disturbed." *Collins v. Straight, Inc.*, 78 F.2d 916, 921 (4th Cir. 1984) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

The determination of whether to transfer an action to another district court is "committed to the transferring court's sound discretion." *P.M. Enters. V. Color Works, Inc.*, 946 F. Supp. 435, 439 (S.D. W. Va. 1996); *see Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964))).

**III.    Discussion**

The defendants cite to *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 134 S. Ct. 568 (2013) for the proposition that "the regular analysis used when evaluating a motion to transfer should be shifted heavily in favor of enforcing forum selection clauses, because plaintiffs, having already consented to the place of litigation in the contract, have effectively exercised their choice of forum privilege.[1] Mem. Supp. Mot. Transfer 12. In this case, however, the contract containing the forum selection clause is too indirectly related to the plaintiffs for the court to conclude that they had effectively exercised their choice of forum privilege prior to filing their complaint.

---

[1] *Atlantic Marine* finds that a forum-selection clause pointing to a different federal forum may be enforced by a motion to transfer under § 1404(a), which the district court should grant "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." 134 S. Ct. at 575. A valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis to account for the choices embodied in the forum-selection clause. *See id.* at 581–82 (noting three ways the analysis changes: (1) plaintiff's choice of forum merits no weight, (2) court should not consider arguments about the parties' private interests, and (3) transfer will not carry with it the original venue's choice of law rules). "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 583.

Two contracts are discussed in, and attached to, the Complaint: (1) Berkley's insurance policies with Stric-Lan and, allegedly, HG Energy, and (2) the MSA between Stric-Lan and HG Energy. In opposing venue transfer pursuant to the MSA's forum selection clause, the plaintiffs attempt to distance themselves from the MSA—despite numerous statements in their Complaint suggesting the MSA is integral to resolving their claim. *Compare* Arch Resp. Mot. Transfer 14 ("[T]he instant action is not focused on the interpretation of the MSA."); *with* Compl. ¶ 44 ("Plaintiffs seek a declaration that the Berkley [policies] provide primary, non-contributory coverage . . . in accordance with the terms of the MSA. . . ."). It is clear, however, that the interpretation of the MSA is relevant to discerning the extent of Berkley's coverage obligations to HG Energy pursuant to the primary contracts at issue, the Berkley insurance policies.

Nevertheless, I decline to give the MSA's forum selection clause controlling weight in the venue transfer analysis because the plaintiffs, Steadfast and Arch, were not the negotiating parties to the MSA. The MSA was a contract between HG Energy and Stric-Lan, while this dispute is essentially between their respective insurance companies. This is not to say that non-parties can never be bound by a forum selection clause. But the rationale for disregarding the plaintiff's choice of forum weakens when the plaintiffs did not directly agree to the forum selection clause, meaning they did not exercise their venue choice in the first instance. Nor have the plaintiffs expressly styled this as a subrogation action in which they stand in the place of their insured, HG Energy, which would lend more weight to the argument that the plaintiffs have already exercised their choice of venue via the forum selection clause in the MSA. *See, e.g., One Beacon Ins. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 832 n.9 ("As JNB's subrogee on the contract claims against Global, One Beacon is bound by JNB's contractual agreement to litigate disputes

5

against Global arising from the towage contract in the Eastern District of Louisiana.") Moreover, there is no forum selection clause in the Berkley policies directly at issue. Steadfast Resp. Mot. Transfer 3.

Because the defendants misunderstand the relevance of the forum selection clause to the analysis of this action, they do not present evidence that that the traditional §1404(a) factors weigh in their favor. The defendants have not met their burden of showing the current venue is inconvenient. Accordingly, the court declines to disturb the plaintiff's choice of venue and **DENIES** the Motion to Transfer Venue.

In their Reply, the defendants acknowledge that their argument for a stay is now moot because it was predicated on parallel litigation in the District Court for the Western District of Pennsylvania, which has been dismissed. Reply Mot. Transfer 2 n.1 [ECF No. 36]. Consequently, the defendants' Motion to Stay is **DENIED as moot**.

### IV. Conclusion

Accordingly, the defendant's Motion to Transfer Venue or Stay [ECF No. 27] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  December 18, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE