# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY and ARCH INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>v.<br><br>BERKLEY NATIONAL INSURANCE COMPANY, HG ENERGY, LLC, a West Virginia Limited Liability Company, STRIC-LAN COMPANIES, LLC, a Louisiana Limited Liability Company, TYLER KUNZ AND LACEY KUNZ, his wife, Individually and as the parents and next-friends of PARKER KUNZ<br><br>        Defendants. | CIVIL ACTION NO. 2:15-cv-09203 LCA<br><br>**DEFENDANT BERKLEY NATIONAL INSURANCE COMPANY'S ANSWERS AND RESPONSES TO PLAINTIFFS ARCH INSURANCE COMPANY AND STEADFAST INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Filed on Behalf of Defendant, Berkley National Insurance Company<br><br>Counsel of Record for this Party:<br><br>Matthew G. Brouse, Esquire<br>WV. I.D. # 11841<br><br>**BURNS WHITE LLC**<br>Firm No. 828<br>Four Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA  15212<br>(412) 995-3000<br>(412) 995-3300 (Facsimile) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

STEADFAST INSURANCE COMPANY     CIVIL ACTION NO. 2:15-cv-09203 LCA
and ARCH INSURANCE COMPANY,

        Plaintiffs,

v.

BERKLEY NATIONAL INSURANCE
COMPANY, HG ENERGY, LLC, a West
Virginia Limited Liability Company,
STRIC-LAN COMPANIES, LLC, a
Louisiana Limited Liability Company,
TYLER KUNZ AND LACEY KUNZ, his
wife, Individually and as the parents and
next-friends of PARKER KUNZ

        Defendants.

**DEFENDANT BERKLEY NATIONAL INSURANCE COMPANY'S ANSWERS AND RESPONSES TO PLAINTIFFS ARCH INSURANCE COMPANY AND STEADFAST INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

AND NOW, comes Defendant, Berkley National Insurance Company, by and through its counsel, Burns White LLC and pursuant to the Rules of Civil Procedure, answers and responds to Plaintiffs' First Set of Discovery:

**GENERAL OBJECTIONS**

The following General Objections ("General Objections") are incorporated into each Specific Objection and Response as if fully set forth therein:

1.     Berkley National Insurance Company ("Berkley") objects to each Request for Admission, Interrogatory and Request for Production of Documents (individually the "Request" and collectively the "Requests"), and each and every definition and instruction therein, to the extent that they go beyond or differ from the definitions

outlined in the Local Rules of Civil Procedure for the Southern District of West Virginia or the Federal Rules of Civil Procedure.

2. Berkley objects to each Request, and each and every definition and instruction therein, to the extent the information sought: (a) is subject to the attorney-client privilege; (b) constitutes work product; or (c) is otherwise privileged or exempt from discovery. In responding to these Requests Berkley does not intend to waive, and shall not be construed as having waived, any privilege or protection, including but not limited to, the attorney-client and work product privileges.

3. Berkley objects to each Request, and each and every definition and instruction therein, to the extent that they call for information outside the possession, custody or control of Berkley.

4. Berkley objects to each Request to the extent that it calls for documents that were prepared in anticipation of litigation or for trial.

5. Berkley objects to each Request to the extent that it calls for the mental impressions, conclusions, opinions, or legal theories of Berkley's attorney or other Berkley representatives concerning the litigation

6. Berkley's responses and objections to each Request are not intended to be and shall not be construed as, an agreement or concurrence by Berkley with Defendants' characterization of any facts, circumstances, and/or legal obligations. Berkley also reserves the right to contest any such characterization as inaccurate. Berkley further objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this case.

7. Berkley's responses to each Request are not intended to, and shall not, be construed as an admission that the information contained herein is relevant, material,

admissible in evidence, or acts as waiver of any applicable privilege. Berkley further does not in any way waive, or intend to waive, its right to object to the use of any information that may be provided in response to any Request or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other actions.

8.  Berkley reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to each Request but discovered subsequent to the date of Berkley's responses, including, but not limited to, any information obtained during discovery.

9.  All of the General Objections set forth are incorporated into each of the specific responses to the individual Requests set forth below, and have the same force and effect as if fully set forth herein. Without waiving the objections set forth above, Berkley responds to the Requests as it understands them and, where appropriate, states additional objections to particular Requests. A specific objection in response to a particular Request is designed to place counsel on notice of specifically objectionable phraseology, and is made in addition to (not instead of) Berkley's General Objections.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NUMBER 1:** Admit that Berkley National Insurance Company wrote an Energy Commercial General Liability Policy insurance policy to Stric-Lan Companies, LLC bearing Policy Number EGL000177910, and which has a policy period running from October 1, 2012 through October 1, 2013.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 2:** Admit that HG Energy, LLC is an additional insured under the Berkley National Insurance Company Energy Commercial General Liability Policy, bearing Policy Number EGL000177910 referenced above.

**ANSWER:** Denied. While HG Energy was a "person or organization with whom Stric-Lan agreed in writing in a contract or agreement, to add as an Additional Insured on the Berkley policy or to provide liability insurance for," under the circumstances relating to the claims made in the Kunz lawsuit, HG Energy, LLC fails to meet the remainder of the definition of additional insured as set forth in the applicable primary commercial general liability and follow-form excess indemnity policies which Berkley National Insurance Company issued to Stric-Lan Companies, LLC ("Berkley policies").

**REQUEST FOR ADMISSION NUMBER 3:** Admit that Berkley National Insurance Company wrote an Energy Commercial Umbrella Liability Policy insurance policy to Stric-Lan Companies, LLC bearing Policy Number EUL000178010, and which has a policy period running from October 1, 2012 through October 1, 2013.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 4:** Admit that HG Energy, LLC is an additional insured under the Berkley National Insurance Company Energy Commercial Umbrella Liability Policy insurance policy bearing Policy Number EUL000178010 referenced above.

**ANSWER:** Denied. While HG Energy was a "person or organization with whom Stric-Lan agreed in writing in a contract or agreement, to add as an Additional Insured on the Berkley policy or to provide liability insurance for," under the circumstances relating to the claims made in the Kunz lawsuit, HG Energy, LLC fails to meet the remainder of the definition of additional insured as set forth in the Berkley policies.

**REQUEST FOR ADMISSION NUMBER 5:** Admit that Tyler Kunz was an employee of Stric Lan Companies, LLC.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 6:** Admit that the accident that occurred on July 31, 2013 involving Tyler Kunz, a Stric Lan employee, which gives rise to this declaratory judgment action occurred in Wetzel County, West Virginia.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 7:** Admit that HG Energy, LLC was sued by Tyler Kunz, Lacey Kunz, and Parker Kunz in connection with the accident of July 31, 2013 in the Circuit Court of Wood County, West Virginia.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 8:** Admit that HG Energy, LLC is a West Virginia limited liability company with its principal place of business in West Virginia.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 9:** Admit that, on or about October 1, 2012, Stric-Lan Companies, LLC and HG Energy, LLC entered into an "insured contract", as that term is defined under the Berkley policies entitled "Master Service and Supply Agreement" ("MSA").

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 10:** Admit that the document attached as Exhibit A is a true and accurate copy of the October 1, 2012 of the MSA between Stric Lan Companies, LLC and HG Energy, LLC.

**ANSWER:** Admitted in part and denied in part. Berkley admits that the numbered pages of the MSA portion (Pg. 1-22) of Exhibit A, the page with the check marks on it and the attachment marked "Exhibit C" were part of the MSA between Stric-Lan Companies, LLC and HG Energy, LLC. Berkley denies that the tax identification page and the certificate of insurance page were part of the MSA and therefore Exhibit A does not constitute the complete MSA agreement between Stric-Lan and HG Energy.

**REQUEST FOR ADMISSION NUMBER 11:** Admit that the MSA between Stric-Lan Companies, LLC and HG Energy, LLC was in effect on October 1, 2012.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 12:** Admit that the MSA required Stric-Lan to purchase general liability insurance with minimum limits of $1,000,000.00.

**ANSWER:** Admitted. By way of further response, Berkley believes that the MSA contract that Stric-Lan was required to obtain under the MSA was limited to the $1,000,000.00 liability limit of the Berkley primary policy limit.

**REQUEST FOR ADMISSION NUMBER 13:** Admit that the MSA further required that the insurance coverages required to be maintained by Stric-Lan "(1) name [HG Energy] as an additional insured (2) waive all rights of subrogation against [HG Energy] and its insurers . . . and (3) be primary in relation to any policies in which any member of [HG Energy] is a named or additional insured. Exhibit "A", p. 7, ¶ 2.

**ANSWER:** Admitted in part and denied in part. Berkley admits the MSA provides language quoted in Request No. 13. It is specifically denied that HG Energy meets the definition of additional insured as set forth under the MSA. By way of further response, please see Berkley's Response to Request for Admission Nos. 2 and 4. Lastly, the MSA is a legal document which speaks for itself.

**REQUEST FOR ADMISSION NUMBER 14:** Admit that the MSA further provides that Stric-Lan agreed to defend and indemnify HG Energy "against claims brought or asserted against HG Energy to the extent such claims, losses, damages and/or injuries were caused by the negligence, strict liability, or willful misconduct of Stric-Lan, regardless of whether HG Energy is negligent in part."

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 15:** Admit that, on July 31, 2013 prior to and at the time of his being injured on that day, Tyler Kunz was engaged in work for Stric Lan Companies, LLC at a worksite in West Virginia controlled by HG Energy, LLC, pursuant to the October 1, 2012, "MSA" between Stric Lan Companies, LLC and HG Energy, LLC.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 16:** Admit that, on July 31, 2013, Tyler Kunz was injured in an accident when he lit a cigarette while engaged in work for Stric Lan Companies, LLC at a worksite in West Virginia controlled by HG Energy, LLC, pursuant to the October 1, 2012, "MSA" between Stric Lan Companies, LLC and HG Energy, LLC.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 17:** Admit that, regarding the injury sustained by Tyler Kunz on January 31, 2013, Tyler Kunz was negligent.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 18:** Admit that, regarding the injury sustained by Tyler Kunz on January 31, 2013, and specifically the lawsuit filed by Tyler Kunz, Lacey Kunz, and Parker Kunz, regarding that injury, Steadfast Insurance Company provided and paid for the defense of HG Energy, LLC.

**ANSWER:** After reasonable inquiry, Berkley is without knowledge or information sufficient to admit or deny Request for Admission No. 18.

**REQUEST FOR ADMISSION NUMBER 19:** Admit that, regarding the injury sustained by Tyler Kunz on January 31, 2013, and specifically the lawsuit filed by Tyler Kunz, Lacey Kunz, and Parker Kunz, regarding that injury, Steadfast Insurance Company and Arch Insurance Company paid money to the Kunzes on behalf of HG Energy, LLC as part of a settlement of the lawsuit filed by the Kunzes against FIG Energy regarding that injury.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 20:**  Admit that nothing contained in Steadfast Policy, the Arch Policy, or Berkley Policies provide that the Steadfast Policy and/or the Arch Policy are primary to the Berkley Policies.

**ANSWER:**  Denied as stated.  First, there is no coverage for HG Energy under the Berkley policies under the circumstances applicable to the Kunz claims, and therefore, the Berkley policies are not in play here. Nevertheless, it is specifically denied that nothing in Steadfast Policy, the Arch Policy or Berkley Policies provides that the Steadfast Policy and/or the Arch Policy are primary to the Berkley Policies. To the contrary, given that there is no coverage for HG Energy under the Berkley policies under the circumstances applicable to the Kunz claims, the Steadfast policy provides primary coverage for HG Energy and the Arch policy provides coverage for HG Energy in excess of Steadfast's policy's coverage.

**REQUEST FOR ADMISSION NUMBER 21:**  Admit that the MSA provides that Stric Lan's insurance is primary to HG Energy's insurance.

**ANSWER:**  Denied. It is specifically denied that the MSA provides that Stric-Lan's insurance is primary to HG Energy's insurance.

**REQUEST FOR ADMISSION NUMBER 22:** Admit that Stric Lan's attorneys in the underlying case retained Dr. Scott Davis and/or GexCon to render an opinion and to investigate the fire that occurred on July 31, 2013 at the LS Hoyt 401 Pad owned by HG Energy, LLC in Wetzel County, West Virginia.

**ANSWER:**   Admitted.

**REQUEST FOR ADMISSION NUMBER 23:**   Admit that Dr. Scott Davis authored a report and that a true and accurate copy of that report is attached as Exhibit B.

**ANSWER:**   Admitted.

**REQUEST FOR ADMISSION NUMBER 24:**   Admit that Stric Lan's attorneys in the underlying case retained Jim McIntosh and/or McIntosh Consultants, LLC to render an opinion and to investigate the accident that occurred on July 31, 2013 at the LS Hoyt 401 Pad owned by HG Energy, LLC in Wetzel County, West Virginia.

**ANSWER:**   Admitted.

**REQUEST FOR ADMISSION NUMBER 25:**   Admit that Jim McIntosh authored a report and that a true and accurate copy of that report is attached as Exhibit C.

**ANSWER:**   Admitted.

**REQUEST FOR ADMISSION NUMBER 26:** Admit that HG Energy's attorneys in the underlying case retained John Keeling, PE, CIH, CSP, QEP to render an opinion and to investigate the accident that occurred on July 31, 2013 at the LS Hoyt 401 Pad owned by HG Energy, LLC in Wetzel County, West Virginia.

**ANSWER:** After reasonable inquiry, Berkley is without knowledge or information sufficient to admit or deny Request for Admission No. 26.

**REQUEST FOR ADMISSION NUMBER 27:** Admit that Tyler Kunz's attorneys in the underlying case retained Clifford B. Hawley, Ph. D. to render an opinion regarding Mr. Kunz's economic losses.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 28:** Admit that Clifford B. Hawley, Ph.D. authored a report that a true and accurate copy of that report is attached as **Exhibit** D.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 29:** Admit that Tyler Kunz's attorneys in the underlying case retained John P. Hughett to render an opinion regarding the cause of the fire and to investigate the accident.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 30:**   Admit that John P. Hughett authored a report and that a true accurate copy of that report is attached as Exhibit E.

**ANSWER:**   Admitted.

**REQUEST FOR ADMISSION NUMBER 31:**   Admit that Stric Lan's attorneys in the underlying case retained Syam Stoll, MD to render an opinion regarding Tyler's Kunz's condition and injuries.

**ANSWER:**   Admitted.

**REQUEST FOR ADMISSION NUMBER 32:**   Admit that Syam Stoll, MD authored reports and that true accurate copies of those reports are attached as Exhibit F.

**ANSWER:**   Admitted.

**REQUEST FOR ADMISSION NUMBER 33:**   Admit that Berkley National Insurance Company defended Stric-Lan in the Kunz Lawsuit and directed the defense in the Kunz Lawsuit, including the retention of all experts submitted on Stric-Lan's behalf.

**ANSWER:**   Denied. It is specifically denied that Berkley defended Stric-Lan in the Kunz Lawsuit and directed the defense in the Kunz Lawsuit, including the retention of all experts submitted on Stric-Lan's behalf. To the contrary, upon information and belief, Liberty Mutual Insurance Company was the insurance carrier which defended Stric-lan and participated in the defense of Stric-Lan in the Kunz lawsuit. Please see Affidavit of Gregory Neil attached hereto and marked as Bates 000001.

**REQUEST FOR ADMISSION NUMBER 34:**   Admit that Berkley National Insurance Company attended all the mediations that took place in Kunz Lawsuit.

**ANSWER:**   Admitted.

**REQUEST FOR ADMISSION NUMBER 35:**   Admit that Berkley National Insurance Company never objected to the reasonableness of the settlement nor offered any basis to challenge the reasonableness of the settlement or the impartiality of the mediator who brokered the settlement of the Kunz Lawsuit.

**ANSWER:**   Admitted. By way of further response, Berkley avers that it was never advised of the terms of the settlement prior to receiving Steadfast's responses to Berkley's discovery requests which were served on Berkley on or about March 25, 2016. By way of further response, Berkley objects to the reasonableness of the settlement and challenges the reasonableness of the settlement.

**REQUEST FOR ADMISSION NUMBER 36:** Admit that Berkley National Insurance Company refused to defend HG Energy in the Kunz Lawsuit, or indemnify HG Energy for the sums paid on HG Energy's behalf to settle the Kunz Lawsuit.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 37:** Admit that Stric Lan was dismissed from the Kunz Lawsuit because it enjoys workers compensation immunity from tort suits brought by its employees who were injured in the course and scope of their employment with Stric-Lan.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 38:** Admit that Stric Lan advocated in the Kunz Lawsuit that Kunz was comparatively at fault for the accident, and that he was acting, at all times, in the course and scope of his employment.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 39:** Admit that there was a claim made against HG Energy by the Kunzes in the Kunz Lawsuit.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 40:** Admit that Steadfast and Arch, on behalf of HG Energy, paid the claim made by the Kunzes against HG Energy in the Kunz Lawsuit.

**ANSWER:** Admitted. Berkley admits that Steadfast and Arch settled the claims made in the Kunz lawsuit.

**REQUEST FOR ADMISSION NUMBER 41:** Admit that the Kunzes' attorneys in the Kunz Lawsuit disclosed Carl Hansen as an expert.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 42:** Admit that Carl Hansen authored two reports and that Exhibit G is true and accurate copies of Mr. Hansen's reports.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 43:** Admit that the Kunzes' attorneys in the Kunz Lawsuit disclosed Darrell Henderson as an expert.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 44:** Admit that Darrell Henderson authored a report and that Exhibit H is a true and accurate copy of Mr. Henderson's report.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 45:** Admit that the Kunzes' attorneys in the Kunz Lawsuit disclosed Charles Czeisler as an expert.

**ANSWER:** Admitted.

**REQUEST FOR ADMISSION NUMBER 46:** Admit that Charles Czeisler authored a report and that Exhibit I is a true and accurate copy of Dr. Czeisler's report.

**ANSWER:** Admitted.